UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:19-CR-060 |
| ) | |
| DANNY DALE MORGAN ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to distribute five grams or more of methamphetamine. He will be sentenced on January 23, 2020. The probation office has disclosed the Presentence Investigation Report ("PSR") [doc. 188], to which the defendant has filed three objections. [Doc. 202]. For the reasons that follow, those objections will be overruled in part and sustained in part.

I.

*Objection One*

The defendant first objects to the assignment of three criminal history points at PSR paragraph 34. According to the PSR, those points stem from a sentence of four years' imprisonment imposed on May 14, 2001, by the Hawkins County, Tennessee, Criminal Court for the crime of aggravated assault. The defendant objects that he served no such sentence. He further objects that even if he had served that sentence, it is too old to receive criminal history points.

Appended to the Second PSR Addendum [doc. 210] is the Hawkins County Criminal Court judgment showing that the defendant indeed received a four-year sentence

for aggravated assault as stated at PSR paragraph 34. Additionally, the probation office has provided the Court with Tennessee Department of Correction ("TDOC") records which document that the four-year aggravated assault sentence expired on December 30, 2003.[1]

A prior sentence of imprisonment exceeding one year and one month receives three criminal history points if, in material part, the defendant's incarceration on such sentence "extended into" the fifteen-year period immediately preceding his commencement of the instant offense. *See* United States Sentencing Commission Guidelines Manual § 4A1.1(a) cmt. n.1 (2018). The defendant's involvement in the instant conspiracy began on approximately September 1, 2018. [Doc. 147, Amended Plea Agreement, p.2]. Thus, the fifteen-year period immediately preceding the instant offense started on September 1, 2003. Because the defendant's aggravated assault sentence did not expire until after that date, he is properly assigned three criminal history points at PSR paragraph 34. His first objection will be overruled.

II.

*Objection Two*

Next, the defendant "strongly objects" to the accuracy of certain biographical information contained in paragraph 68 of the PSR. The probation office has provided the Court with the TDOC Security Threat Group records upon which PSR paragraph 68 is based. The Court has reviewed those records and considers the challenged information to

---

[1] TDOC records cited herein are available for counsel's review at the probation office.

be sufficiently reliable. That information is relevant and necessary background for the federal Bureau of Prisons. The defendant's second objection will be overruled.

### III.

*Objection Three*

Lastly, the defendant objects to certain biographical information contained in PSR paragraph 78. The probation office has incorporated the defendant's requested correction into the Second PSR Addendum. As such, the third objection will be sustained.

### IV.

*Conclusion*

As provided herein, the defendant's first and second objections to his PSR are **OVERRULED** and his third objection is **SUSTAINED**. [Doc. 202]. Sentencing remains set for Thursday, January 23, 2020, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge